UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

LOUIS B. STREDIC,
*a.k.a.* DWIGHT LOUIS JEFFERSON,

Petitioner,

v.

No. 5:26-CV-00037-H

DIRECTOR, TDCJ-CID,

Respondent.

## ORDER

Petitioner Louis B. Stredic,[1] a self-represented state prisoner who requests to proceed *in forma pauperis*, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison-disciplinary case. Respondent has not filed an answer, but after reviewing the petition, the Court concludes that Petitioner has failed to demonstrate he is eligible for federal habeas relief. As a result, the petition is denied. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (stating that the district court may summarily dismiss a petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to any relief in the district court"); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (stating that the district court has the power to screen out frivolous petitions and eliminate the burden that would fall on the respondent to file an unnecessary answer).

---

[1] Petitioner has a long history of filing federal actions, and he uses a variety of names, including: Louis Brandy Stredic, Sr., L. Brandy Stredic, Jr., Louis Bradley Stredic, Louis Jefferson Stredic, L.B. Jefferson Stredic, L.B. Stredic Jefferson, Louis B. Stredic Jefferson, Dwight Louis Jefferson, and other variations of these names and initials. *See Stredic v. Thaler*, No. 5:10-cv-00138, at Dkt. No. 8 n.1 (N.D. Tex. Sept. 14, 2011); *Stredic v. Quarterman*, No. 5:07-cv-00194 at Dkt. No. 5 (N.D. Tex. Aug. 18, 2008) (detailing Petitioner's litigation activity up to 2008). He also identifies himself with a variety of outlandish titles, including: Reverand Veteran, President of the United States, and Executive Chief Justice of the United States Supreme Court.

1.     **Background**

Petitioner is serving a 50-year sentence in the Texas Department of Criminal Justice (TDCJ) for a conviction out of Harris County, Texas for robbery by threat.  At the time he filed this petition, Petitioner was incarcerated in TDCJ's Montford Unit in Lubbock, Texas, which is within the jurisdiction of this Court.  He does not challenge his state conviction and sentence. Instead, he challenges his conviction and punishment in prison-disciplinary proceeding no. 2026054208, which he received while incarcerated at the Montford Unit.

In disciplinary case no. 2026054208, Petitioner was found guilty of "assault on staff." *See* Dkt. No. 9 at 5.  As a result, Petitioner states that his custody level was demoted and he lost an unspecified number of days of good time.

Petitioner's grounds for review and requests for relief are difficult to understand at best, if not incomprehensible.[2]  Petitioner's Step-1 grievance was denied, but he provided no answer to the question about his Step-2 grievance result, if any.  *See* Dkt. No. 9 at 5–6.  The Court presumes that Petitioner seeks to have his disciplinary case overturned and for the lost good time to be restored.

2.     **Legal Standard**

Section 2254 provides a remedy for prison inmates challenging the results of prison-disciplinary hearings if the inmates do not seek monetary damages.  *Preiser v. Rodriguez,* 411 U.S. 475, 477 (1973).  This Court has jurisdiction over the petition.  *See Wadsworth v. Johnson,* 235 F.3d 959 (5th Cir. 2000) (determining that a state prisoner challenging a prison-disciplinary proceeding must file his petition in either the federal judicial district where he is incarcerated or the federal judicial district where his original conviction and sentence took place).

---

[2] Indeed, Petitioner attached multiple handwritten documents that were apparently filed in several separate civil-rights cases and have no clear relevance to his challenged disciplinary case here.  *See* Dkt. No. 9 at 13–32.

2

Federal habeas relief is unavailable "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995). In Texas, "[a]s a general rule, only sanctions which result in loss of good conduct time for inmates who are eligible for release on mandatory supervision or which otherwise directly or adversely affect release on mandatory supervision will impose upon a liberty interest." *Spicer v. Collins,* 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) (citing *Orellana v. Kyle,* 65 F.3d at 31-33). *See Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000) (holding that although Texas law does not create a constitutionally protected interest in parole, the law prior to September 1, 1996, does create a constitutional expectancy of early release on mandatory supervision). A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the [prisoner] in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

3.    **Analysis**

Petitioner lost good-time credits, but he admits that he is ineligible for release to mandatory supervision. *See* Dkt. No. 9 at 5. Thus, he cannot show that the disciplinary proceeding infringed on any constitutionally protected liberty interest. His claims do not provide a basis for federal habeas corpus relief. *Madison v. Parker,* 104 F.3d 765, 768-69 (5th Cir. 1997); *see also Sandin,* 515 U.S. at 478 ("[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner.").

To the extent that Petitioner is challenging the loss of custody status, his claims do not present grounds for federal habeas corpus review, and the Due Process Clause is not implicated by these changes in the conditions of his confinement. *Madison,* 104 F.3d at 768. It is well settled that the Due Process Clause does not protect every change in the conditions of

3

confinement having a substantially adverse impact on a prisoner. *Meachum v. Fano,* 427 U.S. 215, 224 (1976).

Thus, Petitioner has failed to show that he is entitled to federal habeas relief, and the Court denies the petition.

## 4.      Warning

The Court notes that Petitioner has a long history of frivolous filings in both the habeas and civil-rights contexts. *See, e.g., Stredic v. Quarterman,* No. 5:07-cv-00194 at Dkt. No. 5 (N.D. Tex. Aug. 18, 2008) (discussing Petitioner's litigation history and assessing prefiling injunctions and a monetary sanction based on Petitioner's repeated frivolous filings). In this habeas action, he has filed at least four miscellaneous supplements and motions, each of which are frivolous. Dkt. Nos. 6, 7, 8, 10. These filings are full of delusional assertions of authority and demands that the Court release all state prisoners and particularly those in the Montford Unit. He also demands that the Court vacate its prior sanctions against him.

Frivolous filings by prisoners consume inordinate amounts of scarce judicial resources and may result in the delay of the courts' hearing of valid complaints. *See Holloway v. Hornsby,* 23 F.3d 944, 946 (5th Cir. 1994). Repeated frivolous filings in a particular case can slow the review process and delay the Court in reaching meritorious requests.

According to the Court's records, Petitioner has not satisfied the $100 monetary sanction imposed in *Stredic v. Quarterman,* No. 5:07-cv-00194 at Dkt. No. 5 (N.D. Tex. Aug. 18, 2008). The Court finds that the sanction remains effective, and additional sanctions are not necessary at this time. **But Petitioner is admonished that he may not file any new civil action in this Court—either habeas or civil-rights—or any motion in a new or existing case, unless he demonstrates that he has satisfied the $100 monetary sanction previously imposed.** The Clerk is directed to docket for administrative purposes only any document that Petitioner files in violation of this order.

5.    **Conclusion**

For the reasons discussed above, the Court finds:

1.    Petitioner's petition for writ of habeas corpus should be denied and dismissed with prejudice.

2.    Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling," and any request for a certificate of appealability should be denied. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

So ordered.

All relief not expressly granted is denied and any pending motions are denied. The Court will enter judgment accordingly.

Dated April 23, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge